**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr><td>

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

</td><td>

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

</td></tr>
</table>

<u>Not for Publication</u>

**LETTER OPINION AND ORDER**

December 28, 2010

**VIA CM/ECF**
All counsel of record

      Re:    **Corbisiero v. Leica Microsystems, Inc., et al.**
              **<u>Civil Action No. 09-975 (SRC) (MAS)</u>**

Dear Counsel:

       This matter comes before the Court by way of Plaintiff Dennis Corbisiero's ("Plaintiff")

motion to amend the Complaint.  (Docket ("Doc.") No. 54 ("Pl.'s Moving Br.").)  Defendants

Leica Microsystems, Inc. ("Leica") and David Beaulieu ("Beaulieu") (collectively "Defendants")

oppose Plaintiff's motion.  (Doc. No. 58 ("Defs.' Opp'n Br.").)

       For the reasons set forth below, Plaintiff's motion to file an amended complaint is

granted.

**I.**      **<u>STATEMENT OF FACTS</u>**

       The parties are well-versed in the facts surrounding this matter and will address only those

facts relevant to the instant motion.  Plaintiff's Complaint alleges age discrimination based on

allegations that he was improperly terminated after having worked for Leica for 36 years and was

replaced by a 34 year old who had only 6 months of experience.  (Pl.'s Moving Br. 2.)  Plaintiff

now seeks to amend the Complaint to include a "Retaliatory Failure to Hire" count, based on his

deposition testimony that he was denied a position as a result of filing this lawsuit.  (*Id.*)

The circumstances surrounding the job offer that is the basis for Plaintiff's proposed retaliation claim are described by Ohm Savanayana ("Savanayana"), Director of Leica Microsystems (Schweiz) AG's Neurosurgery, Spine & ENT, Medical Division, as follows:

> I decided to inquire whether Dennis Corbisiero could help coordinate and test our product with Dr. Chang at Columbia University Hospital on an independent contractor basis. This was not a position of employment with LMS or any affiliate, but a short term project. Specifically, I anticipated this arrangement would involve assisting Leica's Product Manager of Ophthalmology, Melissa Waldroup, with taking the product into the operating room for surgery for a week or so. At most, this consulting arrangement would have lasted no more than seven work days and involved approximately 5-6 hours per day during that short period. No further assistance or services from Dennis Corbisiero was intended or necessary. I anticipated the compensation for that short term project would be approximately $1,000 per day for no more than seven days.

(Doc. No. 58-3 ("Savanayana Cert.") ¶ 6.) Savanayana further explains that the offer was eventually withdrawn based on Plaintiff's animosity toward Leica and because "his interest did not seem to be aligned with Leica's." (*Id.* at ¶ 12.) Thus, Savanayana withdrew the offer in order to avoid any conflicts of interest. (*Id.*)

## II.   LEGAL STANDARD AND ANALYSIS

Pursuant to the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether leave to amend a complaint should be granted "is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a particularly liberal approach in favor of permitting pleading amendments so as to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Thus, "[i]f the underlying facts or

circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, leave to amend a pleading may be denied if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of the amendment. *Id.*; *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Regarding whether a party will suffer prejudice if an amended pleading is permitted, the burden of establishing same rests with the non-moving party, who must demonstrate that permitting the party to amend the complaint "would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction." *Textron Fin.-NJ, Inc. v. Herring Land Group, LLC*, No. 06-2585, 2009 WL 690933, at *4 (D.N.J. Mar. 11, 2009). Importantly, "[d]elay alone . . . does not justify denying a motion to amend. Rather, it is only where delay becomes 'undue, placing an unwarranted burden on the court, or . . . prejudicial, placing an unfair burden on the opposing party' that denial of a motion to amend is appropriate." *Id.* (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). If, however, the non-movant is not afforded "a meaningful opportunity to respond to these new allegations," permitting the movant to amend the complaint may be inappropriate. *See Keller v. Schering-Plough, Corp.*, No. 04-669, 2007 U.S. Dist. LEXIS 75318, at **8-9 (D.N.J. Oct. 9. 2007).

Further, when considering whether a motion to amend a complaint should be denied on futility grounds, a court must contemplate whether "the complaint, as amended, would survive a motion to dismiss for failure to state a claim." *Id.* at *7 (citing *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002)). "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim . . . ; this does require, however, that the

newly asserted [claims] appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). Moreover, in conducting its futility analysis, the Court must "accept as true all of the factual allegations in the [proposed amended] complaint as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001) (citing *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993)).

Here, Plaintiff argues that his motion to amend should be granted, as it was timely filed and the claims are meritorious and brought in good faith. (Pl.'s Moving Br. 2.) According to Plaintiff's deposition testimony, on October 13, 2010, after he was terminated, Leica offered Plaintiff at least one job position, as evidenced by a chain of e-mail messages. (*Id.* at 3.) The offer, however, was withdrawn after Plaintiff commenced this action. (*Id.*) Thus, Plaintiff asserts that the proposed new count for retaliatory refusal to hire "is timely, ripe, and brought in good faith." (*Id.*) Moreover, Defendants will not suffer undue prejudice as they questioned Plaintiff regarding this issue during the deposition and marked e-mail messages in which at least one offer was withdrawn as exhibits. (*Id.*) Plaintiff reasons that since he moved to amend within the time frame permitted by the Court and agreed upon by the parties and Defendants will have the proper opportunity to defend against the claims, Defendants will not be unduly prejudiced if Plaintiff's motion is granted. (*Id.*)

Defendants, on the other hand, argue that Plaintiff's motion is untimely because the e-mail messages between Plaintiff and Savanayana that were the subject of Plaintiff's deposition testimony are dated November 26, 2009 and were produced by Plaintiff on or about March 21, 2010. (Defs.' Opp'n Br. 3-4, 6-7.) Thus, the e-mail messages were always in Plaintiff's possession and the delay in proposing to amend the Complaint is inexcusable. (*Id.* at 4, 6.)

4

Defendants similarly argue that the motion should be denied, as Plaintiff failed to seek leave prior to filing same. (*Id.* at 5.)  According to Defendants, they will suffer undue prejudice if the proposed amended Complaint is permitted, because fact discovery has closed and reopening it at this stage of the proceedings would be time-consuming and expensive. (*Id.* at 4, 8-10.) Moreover, this delay is further exacerbated by the fact that Plaintiff has "wiped out" his outgoing e-mail messages from his personal e-mail account, which prohibits Defendants from testing Plaintiff's new claim and/or obtaining relevant discovery. (*Id.*)

Next, Defendants argue that Plaintiff's proposed amendment would be futile and would not survive a 12(b)(6) motion to dismiss. (*Id.* at 10-15.)  Defendants point out that one of the e-mail messages includes Plaintiff's acknowledgment that Leica did not offer a position, but rather sought assistance with one project. (*Id.* at 3, 12.)  Thus, Defendants argue, Plaintiff has failed to demonstrate a *prima facie* retaliation case, because Plaintiff failed to demonstrate or allege that Savanayana was aware that Plaintiff filed a lawsuit alleging a New Jersey Law Against Discrimination violation when he decided not to retain Plaintiff for the temporary position. (*Id.* at 13-15.)  Defendants also contend that Plaintiff failed to establish a causal link between the alleged protected activity and Leica's decision not to retain Plaintiff. (*Id.* at 14.)  Since Plaintiff initially declined the position and expressed animosity toward Leica, Savanayana merely agreed with Plaintiff that he should not assist with the project. (*Id.*)  Finally, Defendants assert that Plaintiff did not suffer an adverse employment decision, as a permanent job was not offered, Plaintiff initially refused to assist Leica, and "the decision not to retain him was due to his expressed animosity to Leica and the associated conflicts of interest, not any alleged and unknown protected activity." (*Id.* at 14-15.)

In response to Defendants' opposition, Plaintiff replies that the initial Scheduling Order granted the parties leave to file a motion to amend the pleadings as of right, as it explicitly provided: "the date in which parties must file and serve motions to amend the pleadings is adjourned from 10/8/10 until 10/21/10." (Doc. No. 59 ("Pl.'s Reply Br.") 1.)  Likewise, the motion was filed within the timeframe permitted by the Court and as agreed upon by the parties. (*Id.* at 1-2.)  Indeed, the motion was filed 8 days after Plaintiff's deposition. (*Id.* at 2.)  Plaintiff asserts that Defendants will not suffer undue prejudice as a result of the proposed amended Complaint, as Defendants already questioned Plaintiff at length on the issue of two job offers, as well as the consulting job, during the October 13, 2010 deposition. (*Id.* at 2-3.)  Moreover, discovery is still ongoing and additional discovery may be limited to Plaintiff's new claim of retaliation. (*Id.* at 3.)  Plaintiff argues that the fact that Defendants already have a certification from Savanayana supporting their position further demonstrates that they will not suffer undue prejudice. (*Id.*)  Likewise, the fact that Defendants do not have access to outgoing e-mail messages is not relevant, as Savanayana should have all communications between Plaintiff and himself readily available. (*Id.*)

Finally, Plaintiff asserts that the proposed retaliation claim is not futile, because there are issues of material fact in dispute, an analysis would require credibility determinations and Plaintiff has set forth "the rather modest requirements of the *prima facie* case for retaliation." (*Id.* at 4, 6-7.)  According to Plaintiff, all requisite retaliation elements have been adequately set forth, as evidenced by the November 26, 2009 e-mail message, which demonstrates that "Defendant Leica offered Plaintiff a position with the company, Mr. Savanayana spoke with the attorneys for Defendant Leica, and he decided to withdraw the offer of employment based on Plaintiff's involvement in a lawsuit against Defendant Leica." (*Id.* at 4.)  According to Plaintiff,

Savanayana was aware of Plaintiff's lawsuit and withdrawal of the job offers was an adverse employment action, as adverse actions may occur even after an employment relationship has ended. (*Id.* at 6, citing *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997).)

As for Defendant's assertion that Plaintiff conceded he was not offered a job, Plaintiff notes that the e-mail message is dated November 15, 2009, which was prior to Savanayana's withdrawal of the offer. (*Id.* at 5.) Moreover, during his deposition, Plaintiff explained that "Savanayana offered him two different positions working for Defendant Leica and the only position he was not willing to accept was the position working for Defendant Leica's North America office." (*Id.*) Plaintiff clarifies that after the November 15, 2009 e-mail message, Savanayana offered Plaintiff "a job working in ophthalmology products." (*Id.*) Moreover, Savanayana's November 26, 2010 e-mail message supports Plaintiff's retaliation claim, as Savanayana stated:

> I finally had a long discussion with our lawyer. Make the story short, I cannot engage you in a consultant job at the [sic] time. Although you are involved in the legal issue with SU NA, at the end of the day, both the Division and SU are under the same Leica roof. I do appreciate your interest in working with us – and all aside[,] your friendship.

(*Id.*) Thus, Plaintiff argues that his testimony, along with Savanayana's e-mail message, certainly "create[s] a triable issue of fact," which makes the proposed amended Complaint appropriate. (*Id.*)

Here, this Court finds good cause to grant Plaintiff's motion to amend. First, the Court does not find undue delay or bad faith on Plaintiff's part. While it may be true that Plaintiff has been in possession of the e-mail messages since November 2009, Plaintiff's counsel moved to amend the Complaint only 8 days after Plaintiff's deposition during which Defendants questioned Plaintiff on the issue of Savanayana's withdrawal of the job offers. Moreover, the

motion was filed within the time period contemplated by this Court's Order. As for Defendants' assertion that Plaintiff failed to seek leave to file the motion as required by the Undersigned's personal preferences, Plaintiff is correct that when a deadline for amending pleadings is included in a scheduling order, a party need not seek additional leave.

Second, the Court finds that Defendants will not suffer prejudice as a result of Plaintiff's amended Complaint. Defendants will not have to expend significant resources to defend against Plaintiff's retaliation claim, as Defendants have already deposed Plaintiff on the e-mail messages and communications with Savanayana regarding the job offers. Moreover, the Court finds that permitting limited paper discovery and the deposition of Savanayana on Plaintiff's retaliation claim will not be overly burdensome at this stage of the proceedings and will not significantly delay resolution of this matter. While the Court recognizes that the retaliation claim could have been brought forth earlier in this lawsuit, delay alone does not warrant denial of Plaintiff's motion, particularly because the Court finds that Defendants will be afforded a meaningful opportunity to oppose and/or defend against Plaintiff's allegations. Further, although Plaintiff's failure to preserve sent e-mail messages causes this Court concern, in this instance, it does not cause prejudice, as Savanayana was the recipient of the relevant communications related to Plaintiff's retaliation claims and, as such, Defendants will have access to same. Moreover, Defendants will be permitted to question Savanayana regarding same during his deposition and, to the extent necessary, may seek this Court's permission to re-depose Plaintiff for this very limited purpose.

Finally, this Court finds that Plaintiff's proposed amended Complaint is not futile. Accepting Plaintiff's factual allegations as true and drawing all reasonable inferences in favor of Plaintiff's position, Plaintiff's retaliation claim would survive a motion to dismiss for failure to

8

state a claim.  Indeed, there is a dispute regarding the timing of the e-mail messages, job offers and withdrawal of same.  Thus, drawing inferences in Plaintiff's favor, it is reasonable for this Court to find that Savanayana's conversation with Leica's lawyers demonstrates that Savanayana was aware of this pending lawsuit, which resulted in his decision to withdraw one or more offers, which may be considered an adverse employment decision.  As for Defendants' assertion that Savanayana's decision was based on Plaintiff's animosity toward Leica and the possibility of a conflict of interest, the Court nonetheless finds that the decision may still have been causally linked to Plaintiff's New Jersey Law Against Discrimination claims.  Similarly, while there is disagreement as to the type and length of job positions offered, because this Court must accept Plaintiff's allegations as true, the Court finds that Plaintiff's motion defeats any futility arguments and must be granted.

## III.   CONCLUSION

For the foregoing reasons, and for other good cause shown, it is ORDERED that:

1.  Plaintiff's motion to amend the Complaint (Doc. No. 54) is GRANTED.  Plaintiff's Amended Complaint shall be filed with the Court by **January 4, 2011**.

2.  Defendants shall answer, move or otherwise respond to the Amended Complaint by **January 25, 2011**.

3.  The deposition of Ohm Savanayana shall be permitted.  The date and time, along with all other pretrial discovery dates and proceedings, shall be included in a joint proposed Amended Scheduling Order, which shall be submitted to the Court by **January 11, 2011**.

 s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

9